UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRIS MURRAY,
*Prisoner Identification No. 1255715*,

    Petitioner,

v.

ERIC HOLDER, *U.S. Attorney General*,[1]
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, and
UNITED STATES DEPARTMENT OF
JUSTICE,

    Respondents.

Civil Action No. TDC-14-3865

## MEMORANDUM OPINION

On December 11, 2014, Chris Murray, who is currently incarcerated at the Roxbury Correctional Institution in Hagerstown, Maryland, filed a Petition for a Writ of Mandamus. In his Petition, Murray seeks to compel the Attorney General of the United States to remove him to his home country of Jamaica before completion of his state criminal sentence. Presently pending before the Court is the Government's Motion to Dismiss filed on April 10, 2015. The matter is ready for disposition, and a hearing is not necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Government's Motion to Dismiss is GRANTED.

### BACKGROUND

On July 16, 1993, an Immigration Judge of the United States Department of Justice, Executive Office for Immigration Review, in Baltimore, Maryland issued an Order requiring that

---

[1] The current Attorney General is Loretta E. Lynch. The docket will be amended to reflect the change. *See* Fed. R. Civ. P. 25(d).

Murray be removed to Jamaica, his home country. Eleven days after the date of the Removal Order, on July 27, 1993, Murray was served with an arrest warrant issued by the Circuit Court for Baltimore City, Maryland and was taken into state custody. On January 25, 1994, the Circuit Court found that Murray had violated conditions of probation and sentenced Murray to serve 38 years in state prison, consisting of the remainder of a previously suspended state sentence for attempted murder. On December 11, 2014, Murray filed his Petition for Writ of Mandamus, in which he seeks an order requiring that he be deported to Jamaica pursuant to the Removal Order.

## DISCUSSION

Murray brings this Petition under the Mandamus and Venue Act, 28 U.S.C. § 1361 (2012), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 (2012). He argues that his immediate deportation is mandated by the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.* (2012). Specifically, he asserts that (1) 8 U.S.C. § 1252(c) required his deportation within six months after the July 16, 1993 Removal Order; (2) 8 U.S.C. § 1252(h) would require his deportation even if he was serving time for the same offense that was the cause for the Removal Order; and (3) his incarceration is unlawful under 8 U.S.C. § 1252(i). The cited provisions of § 1252 are outdated, as subsections (h) and (i) no longer exist and subsection (c) no longer contains the language referenced in Murray's Petition. Nevertheless, as discussed below, there is no basis for the relief sought because the analogous provisions in the current INA do not require Murray's immediate deportation.

I.  **Murray's Surreply**

As a preliminary matter, on July 30, 2015, Murray filed a surreply brief without seeking the Court's permission. Under Local Rule 105.2(a), surreply memoranda may not be filed unless otherwise ordered by the Court. Because Murray is proceeding *pro se*, the Court will permit

2

Murray to file his surreply on this one occasion, but he is advised to review the Federal Rules of Civil Procedure and the Local Rules of this District before filing any briefs in the future.

## II.     Writ of Mandamus

Murray seeks a writ of mandamus to compel the Government to execute the July 16, 1993 Removal Order so that he can return to Jamaica before the expiration of his state sentence. The Mandamus and Venue Act grants federal district courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is intended to provide a remedy for a petitioner "only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Mandamus is an "extraordinary remedy" and should only be issued if there is a "clear abuse of discretion" or "usurpation of the judicial power." *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 308–09 (1989).

For a writ of mandamus to issue, a petitioner must establish a clear right to the relief sought, a clear duty for the official to perform the act, and no other adequate remedy. *In re First Fed. Sav. & Loan Ass'n. of Durham*, 860 F.2d 135, 138 (4th Cir. 1988). Murray asserts that three provisions of the INA, 8 U.S.C. § 1252(c), 8 U.S.C. § 1252(h), and 8 U.S.C. § 1252(i) require that he be deported even before the completion of his state sentence. However, not only do the INA provisions analogous to these outdated subsections fail to require such action, but the INA actually prohibits his deportation while he is incarcerated.

### A.     Section 1252(h)

Shortly after an Immigration Judge ordered that Murray be deported to Jamaica, Murray was taken into state custody on July 27, 1993 and sentenced to 38 years in prison on a state

charge on January 25, 1994. Although Murray asserts that the former 8 U.S.C. § 1252(h) requires that he be deported before the conclusion of that sentence, that provision stated the opposite, providing that "[a]n alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement." 8 U.S.C. § 1252(h) (1994). Moreover, the analogous provision of the current INA specifically states that "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A) (2012). In certain limited situations the Attorney General may exercise discretion to remove an incarcerated individual. *See* 8 USC § 1231(a)(4)(B). But when an individual is in state custody, the Attorney General may not act unless the chief State official submits a written request that the individual be removed after finding that the individual is confined for a nonviolent offense and removal would be in the best interest of the State. *See* 8 USC § 1231(a)(4)(B)(ii). Murray does not assert that these conditions have been met or that he would be eligible. Thus, the INA actually bars his requested relief.

### B. Section 1252(i)

Murray also argues that he must be deported under § 1252(i), which used to state that "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of conviction." 8 U.S.C. § 1252(i) (1994). The section as described by Murray, however, no longer exists. Even when that section was in effect, it would not have provided grounds for the relief Murray seeks. "The sole purpose of this provision was to end the INS practice of postponing deportation hearings until a convicted alien completed his sentence, a practice that typically resulted in extending an alien's period of incarceration, thereby imposing

an additional burden on limited federal and state prison resources." *United States v. Lopez*, 940 F. Supp. 920, 923 (E.D. Va. 1996). In 1994, Congress clarified that § 1252(i) did not "create any substantive or procedural right or benefit that is legally enforceable by any party against the United States," such as a private right of action for an alien incarcerated for reasons wholly different than his alien status to compel immediate deportation before the completion of the sentence. Pub. L. No. 103-416, § 225, 108 Stat. 4305 (1994); *Lopez*, 940 F. Supp. at 923; *see also In re Angel-Z*, No. 93-8039, 1993 WL 375713 (4th Cir. Sept. 23, 1993) (rejecting the argument that 8 U.S.C. § 1252(i) provided a basis for a writ of mandamus requiring immediate deportation). Notably, under present law, Congress has required expedited removal proceedings for aliens convicted of an aggravated felony, even before the completion of their sentences, but explicitly provided that "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(a)(3)(B) (2012). Thus, the former § 1252(i) does not provide a basis for an order requiring Murray's immediate removal.

### C.    Section 1252(c)

Murray's reliance on 8 U.S.C. § 1252(c) is also unavailing. That outdated provision once stated that an alien must be deported within six months of a removal order. *See* 8 U.S.C. § 1252(c) (1994). Currently, § 1231(a)(1) provides a similar limitation, that the Attorney General shall remove a detained individual subject to a removal order "within a period of 90 days," referred to as the "removal period." 8 U.S.C. § 1231(a)(1). In cases where an alien is detained or confined for reasons unrelated to the immigration process, such as based upon a criminal conviction, the removal period does not begin to run until release from that separate detention or

confinement. 8 U.S.C. § 1231(a)(1)(B)(iii). This 90-day period may also be extended for other reasons. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that six months is a presumptively reasonable time to detain an alien under a final order to effect removal, but after that time if the alien establishes "that there is no significant likelihood of removal in the reasonably foreseeable future," release may be warranted).

In this case, Murray was held in detention for 11 days following the Removal Order. He was then taken into state custody and sentenced in state court to the term of imprisonment he is now serving. The removal period for Murray therefore begins the date his incarceration ends, not, as he suggests, with 90 days or six months of the July 16, 1993 Removal Order. *See* 8 U.S.C. § 1231(a)(1)(B)(iii). Thus, § 1231(a)(1) does not provide grounds for the mandamus relief Murray requests.

In summary, Murray identifies no clearly defined, nondiscretionary duty of the Attorney General to remove him immediately that would warrant issuance of a writ of mandamus by this Court to compel his deportation while he is still serving his state sentence. *See Wright v. U.S. Dep't of Homeland Sec.*, No. DKC-09-2840, 2009 WL 3711366, at *2 (D. Md. Nov. 2, 2009) ("Petitioner's continued confinement until the completion of his term of incarceration does not violate the Constitution or laws of the United States, and Petitioner has no private right of action to compel his immediate removal or immediate consideration for removal prior to the completion of his term of incarceration."). In fact, the INA generally requires that he complete his sentence before he is deported. 8 U.S.C. § 1231(a)(4)(A). Thus, Murray fails to state a claim for mandamus relief.

**III.     Administrative Procedure Act**

Alternatively, Murray claims that he is entitled to an order requiring his immediate removal pursuant to the Administrative Procedure Act. Typically, the APA does not apply to removal proceedings. *See* 8 U.S.C. § 1252(a)(5), (b)(9) (stating that with limited exceptions "a petition for review filed with the appropriate court of appeals" is "the sole and exclusive means for judicial review of an order of removal"); *Marcello v. Bonds*, 349 U.S. 302, 210 (1955) (holding that certain requirements of the APA were inapplicable to deportation proceedings). To the extent that APA review could be an independent source of relief, "the only agency action that can be compelled under the APA is action legally *required*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) (emphasis in original). As discussed above, Murray has not demonstrated that the Government was legally required to deport him prior to the completion of his state sentence. In fact, the INA provides that the Attorney General may not remove him while he is incarcerated on state sentence. 8 U.S.C. § 1231(a)(4)(A). Therefore, Murray has failed to state a claim under the APA.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Government's Motion to Dismiss is GRANTED. A separate Order shall issue.

Date: March 17, 2016

THEODORE D. CHUANG
United States District Judge